**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YAMA ABBASSI,<br><br>    Plaintiff,<br><br>    v.<br><br>STONELEDGE FURNITURE, LLC, *et al.*,<br><br>    Defendants. | Case No. 20-cv-1745-BAS-BLM<br><br>**ORDER GRANTING JOINT MOTION FOR ARBITRATION, TO DISMISS PUTATIVE CLASS CLAIMS, AND FOR LEAVE TO AMEND PLEADING (ECF No. 11)** |

On July 6, 2020, Plaintiff Yama Abbassi sued Defendants Stoneledge Furniture, LLC and Ashley Furniture Industries, Inc., individually and on behalf of the members of the proposed class, alleging violations of the California Labor Code. (State Ct. Compl. ("SCC"), ECF No. 1-2.) Pending before the Court is the parties' Joint Motion for Binding Arbitration, to Dismiss Plaintiff's Putative Class Claims on Behalf of All Others Similarly Situated, and to File a First Amended Complaint. (Joint Mot., ECF No. 11.) The parties represent that prior to filing the present action, Abbassi signed and entered into a mutual agreement with Defendant Stoneledge to arbitrate disputes arising from his employment (the "Arbitration Agreement"). (Joint Mot. at 2.) The parties stipulate that the Arbitration Agreement does not require the parties to arbitrate Abbassi's sixth cause of action, which

he brings under the California Private Attorneys General Act, Cal. Lab. Code §§ 2698, *et seq.* ("PAGA"). (*Id.*)

In the present motion, the parties request the court to:

1) dismiss without prejudice all claims against Ashley Furniture Industries, Inc.;
2) dismiss without prejudice the first five causes of action raised on behalf of the proposed class[1] ("Class Claims");
3) grant Abbassi leave to file a First Amended Complaint reflecting the dismissal of the Class Claims and the claims against Ashley Furniture Industries, Inc.;
4) order Abbassi and Stoneledge Furniture, LLC, to proceed to arbitration for Abbassi's individual claims, which are the first five causes of action raised on behalf of himself ("Individual Claims"), by a JAMS arbitrator ("the Arbitrator");
5) stay the present action pending the resolution of the arbitration;
6) retain jurisdiction over this action; and
7) once the arbitration is completed, enter the arbitration award rendered by the Arbitrator as the judgment in this action.

(*Id.*)

Good cause appearing, the Court **GRANTS** the parties' joint motion.

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** all claims against Ashley Furniture Industries, Inc.

The Court **DISMISSES WITHOUT PREJUDICE** the Class Claims, which are the first through fifth causes of actions raised against Stoneledge Furniture, LLC, on behalf of the proposed class members.

---

[1] The proposed class consists of "[a]ll persons who are employed or have been employed by ASHLEY FURNITURE INDUSTRIES and/or STONELEDGE in the State of California and classified as a 'sales leader' or 'sales associate' during the four (4) year period preceding the filing of this action." (SCC ¶ 34.)

The Court **GRANTS** Plaintiff leave to amend the pleading. On or before November 30, 2020, Plaintiff **SHALL** file the First Amended Complaint attached to the present motion.

The Court **ORDERS** Yama Abbassi and Stoneledge Furniture, LLC, to proceed to arbitration for Abbassi's Individual Claims, which are the first through fifth causes of actions raised on behalf of himself.

The Court **STAYS** this action as to all parties and all claims. *See* 9 U.S.C. § 3. Further, the Court directs the Clerk of Court to **ADMINISTRATIVELY CLOSE** this action pending the resolution of the arbitration. The decision to administratively close this action pending the resolution of the arbitration does not have any jurisdictional effect. *See Dees v. Billy*, 394 F.3d 1290, 1294 (9th Cir. 2005) ("[A] district court order staying judicial proceedings and compelling arbitration is not appealable even if accompanied by an administrative closing. An order administratively closing a case is a docket management tool that has no jurisdictional effect.").

**IT IS SO ORDERED.**

**DATED: November 19, 2020**

Hon. Cynthia Bashant
United States District Judge