LAW OFFICE OF SHELDON A. OSTROFF
Sheldon A. Ostroff, Esq. (SBN 108510)
sostrofflaw@gmail.com
2488 Historic Decatur Road, Suite 200
San Diego, California 92106
Telephone: 619-232-3122
Facsimile: 619-232-3264

ARTIANO SHINOFF
Daniel R. Shinoff, Esq. (SBN 99129)
dshinoff@as7law.com
Abbey M. Jahnke, Esq. (SBN 302454)
ajahnke@as7law.com
2488 Historic Decatur Road, Suite 200
San Diego, California 92106
Telephone: 619-232-3122
Facsimile: 619-232-3264

Attorneys for PLAINTIFF YAMA ABBASSI, on behalf of himself and all other aggrieved employees.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAMA ABBASSI, on behalf of himself and all other aggrieved employees,<br><br>Plaintiff,<br><br>v.<br><br>STONELEDGE FURNITURE, LLC, a Wisconsin limited liability company, and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.: 20-cv-1745 BAS BLM<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE SECTIONS 2698, *ET SEQ*.** |

Plaintiff YAMA ABBASSI, individually, on behalf of himself and all other aggrieved employees, complains of Defendant STONELEDGE FURNITURE, LLC, a Wisconsin limited liability company, as follows:

## I. PARTIES

1. PLAINTIFF, YAMA ABBASSI ("ABBASSI") is, and at all times relevant hereto was, an individual residing in the State of California, and an employee of DEFENDANT STONELEDGE FURNITURE, LLC ("STONELEDGE").

///

2. STONELEDGE is a Wisconsin limited liability company, licensed to do business and doing business throughout the State of California, including San Diego County, California.

3. DOES 1 to 50 are, and at all relevant times hereto were, corporations and/or business entities organized and existing under the laws of California and/or qualified to do business in California. DOES 51 to 100 were individuals who were the agents of and/or employees of the corporate/business entity defendants and were at all times herein mentioned acting within the course and scope of such agency and employment. Therefore, each Defendant is liable for the wrongful acts and omissions of each other Defendant.

4. ABBASSI does not know the true names of Defendant DOES 1 through 100, and therefore sues them by those fictitious names. ABBASSI is informed and believes, and on the basis of that information and belief alleges, that each of those Defendants were in some manner responsible for the events and happenings alleged in this complaint and for the injuries and damages of ABBASSI and all others similarly situated.

5. California Labor Code sections 2698, *et seq.* authorizes aggrieved employees, such as ABBASSI, to bring a civil action against his/her employer to recover civil penalties for various violations of the Labor Code, including the violations alleged herein.

## II.     GENERAL ALLEGATIONS

6. ABBASSI, at all times relevant hereto, was employed by STONELEDGE in the capacity of a "sales associate" and/or a "sales leader" and at a retail location operated by STONELEDGE in San Diego County commonly known as Ashley Furniture HomeStore.

7. STONELEDGE offers furniture for retail sale throughout the State of California, including in San Diego County, from Ashley Furniture HomeStore showroom locations.

AS7 Law San Diego/002049/000008/PL/S0481716.DOCX

8. At all times relevant thereto, STONELEDGE employs/employed numerous individuals in the capacity of a "sales associate" and/or "sales leader" in California and classified such employees as exempt. At all times relevant hereto, STONELEDGE adopted, implemented, and enforced all policies and procedures that are alleged herein that relate to the daily work performed by the "sales associates" and "sales leaders" employed in California.

9. At all times relevant hereto, STONELEDGE had in effect an employment policy and practice pursuant to which STONELEDGE failed to provide ABBASSI and other aggrieved California employees employed as "sales associates" and "sales leaders" with meal periods in compliance with California law.

10. At all times relevant hereto, STONELEDGE had in effect an employment policy and practice pursuant to which STONELEDGE failed to provide ABBASSI and other aggrieved California employees employed as "sales associates" and "sales leaders" with rest periods in compliance with California law.

11. At all times relevant hereto, STONELEDGE had in effect an employment policy and practice pursuant to which STONELEDGE failed to pay ABBASSI and other aggrieved California employees employed as "sales associates" and "sales leaders" wages for all hours worked.

12. At all times relevant hereto, STONELEDGE had in effect an employment policy and practice pursuant in which STONELEDGE failed to timely pay ABBASSI and other California employees employed as "sales associates" and "sales leaders" all wages earned in compliance with California law.

13. At all times relevant hereto, STONELEDGE had in effect an employment policy and practice pursuant to which STONELEDGE failed to provide ABBASSI and other aggrieved California employees employed as "sales associates" and "sales leaders" with accurate, itemized wage statements reflecting all deductions from payment of wages and accurately reporting total hours worked, including the

///

ARTIANO SHINOFF

AS7 Law San Diego/002049/000008/PL/S0481716.DOCX

total daily hours worked and the applicable rates of pay, in accordance with California law.

14. STONELEDGE willfully failed to pay its former California employees employed as "sales associates" and "sales leaders" all wages earned at the termination of their employment with STONELEDGE .

15. ABBASSI brings this action on behalf of himself pursuant to Labor Code sections 201, 202, 203, 204, 206, 226(a), 226.7, 512, 558; Wage Order 7-2001; and California Code of Regulations, Title 8, Section 11070, seeking unpaid wages, rest break premiums, meal break premiums, statutory and civil penalties, injunctive and other equitable relief, reasonable attorneys' fees and costs, and interest.

16. ABBASSI, on behalf of himself and pursuant to Business & Professions Code sections 17200, *et seq,.* also seeks injunctive relief, restitution, and disgorgement of all benefits STONELEDGE enjoyed from its unlawful conduct as described herein.

### III.   JURISDICTION

17. This Court has personal jurisdiction over STONELEDGE because STONELEDGE has caused injuries in the County of San Diego and the State of California through its acts and omissions constituting violations of the California Labor Code, California state common law, and California Business & Professions Code sections 17200, *et seq.*

18. This Court had original jurisdiction over ABBASSI's class claims originally filed in this action under 28 U.S.C. § 1332(d). This was filed as a putative class action in which 1) there were 100 or more members in the proposed Class; 2) at least some members of the proposed Class had a different citizenship from STONELEDGE; and 3) the claims of the proposed Class exceeded $5,000,000.00 in the aggregate. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the remaining claims in this action, which are all based upon the California Labor Code.

ARTIANO SHINOFF

AS7 Law San Diego/002049/000008/PL/S0481716.DOCX

19. Venue as to STONELEDGE is proper in this judicial district, pursuant to Code of Civil Procedure section 395. STONELEDGE operates throughout the State of California and does business within the County of San Diego. The unlawful acts alleged herein have a direct effect on STONELEDGE's employees, including ABBASSI, within the State of California and the County of San Diego.

## IV. FACTUAL BACKGROUND

20. ABBASSI, during at least some portion of the relevant time period, was classified as nonexempt by STONELEDGE.

21. ABBASSI is covered by California Industrial Welfare Commission Occupational Wage Order No. 7-2001. (Tit. 8, Cal. Code of Regs. § 11070.)

### A. Meal Period Violations

22. At all relevant times, ABBASSI and other aggrieved California employees employed as "sales associates" and "sales leaders" were forced by STONELEDGE to work more than five hours per workday without being provided with a thirty (30) minute uninterrupted meal period. Additionally, STONELEDGE failed to inform ABBASSI and other aggrieved California employees employed as "sales associates" and "sales leaders" of their rights to take lawful meal periods in compliance with California law.

23. At all relevant times, STONELEDGE has failed to compensate ABBASSI and other aggrieved California employees employed as "sales associates" and "sales leaders" one (1) hour of pay at each employees' regular rate of compensation for each workday that a lawful meal period was not provided, as required by California law.

### B. Rest Period Violations

24. At all relevant times, STONELEDGE and other aggrieved California employees employed as "sales associates" and "sales leaders" were forced by STONELEDGE to work four-hour increments (or major fractions thereof) without being provided with a lawful ten (10) minute uninterrupted rest period. Additionally,

AS7 Law San Diego/002049/000008/PL/S0481716.DOCX

STONELEDGE failed to inform ABBASSI and other aggrieved California employees employed as "sales associates" and "sales leaders" of their right to take lawful rest periods in compliance with California law.

25. At all relevant times, STONELEDGE has failed to compensate ABBASSI and other aggrieved California employees employed as "sales associates" and "sales leaders" one (1) hour of pay at the employees' regular rate of compensation for each workday that a lawful rest period was not provided, as required by California law.

**C.  Failure to Timely Pay All Wages Earned**

**(i)  Failure to Pay Wages Earned as Commissions**

26. At all relevant times, STONELEDGE failed to timely pay ABBASSI and other aggrieved California employees employed as "sales associates" and "sales leaders" all wages earned in the form of commissions. Specifically, STONELEDGE has maintained and implemented a policy whereby it failed/fails to pay ABBASSI and other aggrieved California employees employed as "sales associates" and "sales leaders" all sales commissions earned in accordance with California law. STONELEDGE devised and implemented a sales commission compensation policy which had/has the effect of denying ABBASSI and other aggrieved California employees employed as "sales associates" and "sales leaders" all sales commissions earned during a commission based pay-period by 1) requiring ABBASSI and other aggrieved California employees employed as "sales associates" and "sales leaders" to exceed a minimum sales threshold during a commission based pay-period and 2) withholding attribution of a sales commission made/earned during one pay-period for purposes of determining whether the operative sales threshold was exceeded during one commission based pay-period to an alternate/different commission pay-period based so as to prevent ABBASSI and other aggrieved California employees employed as "sales associates" and "sales leaders" from receiving earnings on commission based sales.

ARTIANO SHINOFF

AS7 Law San Diego/002049/000008/PL/S0481716.DOCX

27. At all relevant times, STONELEDGE's policy of paying wages earned as commissions only upon item delivery was willful, without legal justification, and in violation of Labor Code sections 204 and 206, or other Labor Code sections or California law, by failing to timely pay ABBASSI and other aggrieved California employees employed as "sales associates" and "sales leaders" all wages earned.

### (ii) Failure to Pay Wages Earned for Off-The-Clock Work

28. At all relevant times, STONELEDGE failed to pay ABBASSI and other aggrieved California employees employed as "sales associates" and "sales leaders" wages earned for off-the-clock work, including pre-shift and post-shift work. This failure was willful, without legal justification, and in violation of Labor Code sections 204 and 206, or other Labor Code sections or California law.

### (iii) Failure to pay Wages Earned by Preventing Sale Finalizations

29. At all relevant times, STONELEDGE failed to pay ABBASSI and other aggrieved California employees employed as "sales associates" and "sales leaders" wages earned in the form of sales commissions. Specifically, STONELEDGE maintained and implemented a policy whereby it prohibited ABBASSI and other aggrieved California employees employed as "sales associates" and "sales leaders" from finalizing a commission-earning sale by requiring ABBASSI and other aggrieved California employees employed as "sales associates" and "sales leaders" to redirect customers whom they were/are assisting to other sales persons, without legal or factual justification, and share the commissions earned on such sales, if any, with the employee to whom the customer was redirected.

30. At all relevant times, STONELEDGE's policy of requiring ABBASSI and other aggrieved California employees employed as "sales associates" and "sales leaders" to pass-off sales and share commissions was willful, without legal justification, and in violation of Labor Code sections 204, 206, or other Labor Code sections or California law.

///

AS7 Law San Diego/002049/000008/PL/S0481716.DOCX

### (iv) Failure to pay for Work Performed Above Contractually Agreed Hours

31. At all relevant times, STONELEDGE failed to compensate ABBASSI and other aggrieved California employees employed as "sales associates" and "sales leaders" for hours worked in excess of their contractually agreed/scheduled hours with STONELEDGE. For example, ABBASSI and other aggrieved California employees employed as "sales associates" and "sales leaders," on the one hand, and STONELEDGE, on the other hand, agreed that ABBASSI and other aggrieved California employees employed as "sales associates" and "sales leaders" would work a prescribed number of hours per week for a set salary. However, ABBASSI and other aggrieved California employees employed as "sales associates" and "sales leaders" routinely worked more hours per week than the agree-upon hours and were not paid additional wages for the additional hours work.

### (v) Failure to pay all Wages Earned Upon Discharge

32. At all relevant times, STONELEDGE failed to pay former California employees employed as "sales associates" and "sales leaders" all compensation due and owing at the time of discharge. Such failure was willful, without legal justification, and in violation of Labor Code sections 201-203.

### D. Failure to Provide Accurate, Itemized Wage Statements

33. At all relevant times, STONELEDGE failed to provide ABBASSI and other aggrieved California employees employed as "sales associates" and "sales leaders" with accurate, itemized wage statements that reflect all deductions from payment of wages and the total hours worked. Such failure was willful, without legal justification, and in violation of Labor Code section 226(a).

///

///

///

///

ARTIANO SHINOFF

AS7 Law San Diego/002049/000008/PL/S0481716.DOCX

## V. FIRST CAUSE OF ACTION
## FAILURE TO ALLOW MEAL PERIODS PURSUANT TO LABOR CODE §§ 226.7 AND 512

34. ABBASSI realleges and incorporates by reference all previous paragraphs.

35. Labor Code section 512 requires an employer to provide an employee with a thirty (30) minute meal period if he or she works more than five (5) hours in a workday, and two thirty (30) minute meal periods if he or she works more than ten (10) hours in a workday. STONELEDGE failed to maintain a policy of informing ABBASSI of this right during the relevant time period.

36. Labor Code section 226.7 requires an employer to pay an additional one (1) hour of compensation for each meal period the employer fails to provide in accordance with California law. STONELEDGE failed to maintain a policy of informing ABBASSI of this right during the relevant time period.

37. STONELEDGE required ABBASSI to consistently work shifts with no meal periods, uninterrupted meal periods of less than thirty (30) minutes, and/or meal periods that were not off-duty (e.g., meal periods taken while the employee performed work for STONELEDGE) during the relevant time period.

38. STONELEDGE failed to pay ABBASSI an additional one (1) hour of compensation for each meal period STONELEDGE failed to provide in accordance with California law. Pursuant to Labor Code section 226.7, ABBASSI is entitled to damages in an amount equal to one (1) hour of wages per missed meal period as required by California law in a sum to be proven at trial.

39. ABBASSI also seeks attorneys' fees and costs to the extent permitted by Labor Code section 218.5.

///
///
///

## VI.  SECOND CAUSE OF ACTION

## FAILURE TO ALLOW REST PERIODS PURSUANT TO LABOR CODE § 226.7

40. ABBASSI realleges and incorporates by reference all previous paragraphs.

41. IWC Wage Order Number 7-2001 requires employers to provide an employee with an off-duty ten (10) minute rest period for each four (4) hours worked, or substantial fraction thereof, that the employee will work in the workday. STONELEDGE failed to maintain a policy of informing ABBASSI of this right during the relevant time period.

42. Labor Code section 226.7 requires an employer to pay an additional one (1) hour of compensation for each rest period the employer fails to provide in accordance with California law. STONELEDGE failed to maintain a policy of informing ABBASSI of this right.

43. ABBASSI consistently worked shifts with no rest periods, uninterrupted rest breaks of less than 10 minutes, and/or rest periods that are not provided or scheduled in the middle of a work period. STONELEDGE failed to maintain an accurate policy advising ABBASSI of these rest periods and failed to provide ABBASSI with rest breaks of not less than ten (10) minutes, as required by the Labor Code, during the relevant time period.

44. Pursuant to Labor Code section 226.7, ABBASSI is entitled to damages in an amount equal to one (1) hour of wages per missed rest period as required by California law in a sum to be proven at trial.

45. ABBASSI also seeks attorneys' fees and costs to the extent permitted by Labor Code section 218.5.

///

///

///

AS7 Law San Diego/002049/000008/PL/S0481716.DOCX

# VII.   THIRD CAUSE OF ACTION
# FOR FAILURE TO TIMELY PAY ALL WAGES EARNED PURSUANT TO LABOR CODE §§ 204 AND 206

46.   ABBASSI realleges and incorporates by reference all previous paragraphs.

47.   Labor Code sections 204 and 206 require employers to timely pay all wages earned by their employees. STONELEDGE failed to maintain a policy of timely paying employees all wages earned during the relevant time frame as follows:

   a. STONELEDGE implemented a policy that unlawfully withheld earned commissions from ABBASSI during the relevant time frame;

   b. STONELEDGE implemented a policy that failed to pay ABBASSI for all hours worked, specifically, for off-the-clock work, including pre-shift and post-shift work;

   c. STONELEDGE implemented a policy that failed to pay ABBASSI all wages earned by preventing ABBASSI from finalizing sales; and

   d.  STONELEDGE implemented a policy that failed to pay ABBASSI for all hours worked above his contractually agreed hours.

48.   ABBASSI also seeks attorneys' fees and costs to the extent permitted by Labor Code section 218.5.

# VIII.   FOURTH CAUSE OF ACTION
# VIOLATION OF LABOR CODE § 226(a)

49.   ABBASSI realleges and incorporates by reference all previous paragraphs.

50.   Section 226(a) of the Labor Code requires employers to itemize in wage statements all deductions from payment of wages, the appropriate rates of pay, and to accurately report total hours worked by ABBASSI. STONELEDGE failed to include all deductions from payment of wages, the appropriate rates of pay, and the actual

///

ARTIANO SHINOFF

AS7 Law San Diego/002049/000008/PL/S0481716.DOCX

total hours worked by ABBASSI. As a result, STONELEDGE has knowingly and intentionally failed to comply with Labor Code section 226(a).

51. IWC Wage Order 7-2001 requires STONELEDGE to maintain time records, showing, among other things, when the employee beings and ends each work period, split shift intervals, and total daily hours worked in an itemized wage statement, and must show all deductions from payment of wages, and accurately report total hours worked by ABBASSI. STONELEDGE failed to keep accurate records of the total daily hours worked.

52. An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code section 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurs and one hundred dollars ($100.00) for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00), and is entitled to an award of costs and reasonable attorneys' fees.

53. ABBASSI suffered injury from STONELEDGE's knowing and intentional failure to include all deductions from payment of wages, the appropriate rates of pay, and the actual total hours worked by ABBASSI, and is therefore entitled to recover the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which the violation occurred and one hundred dollars ($100.00) for each subsequent violation, not exceeding an aggregate penalty of four thousand dollars ($4,000.00).

54. ABBASSI also seeks attorneys' fees and costs to the extent permitted by Labor Code section 218.5.

///
///
///
///

AS7 Law San Diego/002049/000008/PL/S0481716.DOCX

## IX.  FIFTH CAUSE OF ACTION

## FOR UNFAIR COMPETITION PURSUANT TO BUSINESS & PROFESSIONS CODE § 17200

55. ABBASSI realleges and incorporates by reference all previous paragraphs.

56. ABBASSI, on behalf of himself, and on behalf of the general public, brings this claim pursuant to Business & Professions Code section 17200, *et seq*. The conduct of STONELEDGE, as alleged in this First Amended Complaint, has been and continues to be unlawful, deceptive, unfair and harmful to ABBASSI and the general public. ABBASSI seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

57. ABBASSI is a "person" within the meaning of Business & Professions Code section 17204, and therefore, has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

58. Business & Professions Code section 17200, *et seq.,* prohibits unlawful, deceptive, and/or unfair business practices.

59. California's wage and hour laws express fundamental public policies. Providing employees with proper wages and compensation are fundamental public policies of this State and of the United States. Labor Code section 90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower their costs by failing to comply with minimum labor standards.

60. STONELEDGE has violated statutes and public policies as alleged herein. Through the conduct alleged in this Complaint, STONELEDGE has acted contrary to these public policies, has violated specific provisions of the Labor Code as alleged herein, and has engaged in other unlawful and unfair business practices in violation of Business & Professions Code section 17200, *et seq*., depriving ABBASSI,

ARTIANO SHINOFF

AS7 Law San Diego/002049/000008/PL/S0481716.DOCX

and all interested persons, of rights, benefits, and privileges guaranteed to all employees under the law.

61. STONELEDGE's conduct, as alleged hereinabove, constitutes unfair competition in violation of Business & Professions Code section 17200, *et seq*.

62. STONELEDGE, by engaging in the conduct herein alleged, either knew, or in the exercise of reasonable care, should have known that its conduct was unlawful. As such, it is a violation of Business & Professions Code section 17200, *et seq*.

63. As a proximate result of the above-mentioned acts of STONELEDGE, ABBASSI and others similarly situated have been deprived of money and suffered injury in fact and are entitled to restitution of the wages they have been denied due to STONELEDGE's unlawful conduct alleged herein.

64. Unless restrained, STONELEDGE will continue to engage in the unlawful conduct as alleged above. Pursuant to Business & Professions Code, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by STONELEDGE, its agents, or employees, of any unlawful or deceptive practices prohibited by the Business & Professions Code, and/or, including, but not limited to, restitution and disgorgement of profits which may be necessary to restore ABBASSI the money STONELEDGE has unlawfully failed to pay.

## X. SIXTH CAUSE OF ACTION
## FOR VIOLATIONS OF THE CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE SECTIONS 2698, *ET SEQ*.

65. ABBASSI reincorporates and incorporate by reference all previous paragraphs.

66. California Labor Code sections 2698, *et seq*. authorizes aggrieved employees, such as ABBASSI, to bring a civil action against his/her employer to

///

ARTIANO SHINOFF

AS7 Law San Diego/002049/000008/PL/S0481716.DOCX

recover civil penalties for various violations of the Labor Code, including the violations alleged herein.

67. ABBASSI has complied with Labor Code section 2699.3, by giving written notice (1) to the Labor and Workforce Development Agency ("LWDA") by filing his Private Attorneys General Act Claim Notice with the LWDA on February 28, 1010, paying the $75.00 filing fee to the LWDA and (2) by certified mail to his employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. A true and correct copy of ABBASSI's online filing of his Private Attorneys General Act Claim Notice with the LWDA and proof of payment of the $75.00 filing fee are attached collectively hereto as Exhibit "1". A true and correct copy of the written notice provided by certified mail to his employer of the specific violations of the California Labor Code by ABBASSI and the postmark of such written notice are collectively attached hereto as Exhibit "2".

68. The Private Attorneys General Act Claim Notice filed by ABBASSI with the LWDA was assigned LWDA Case No.: LWDA-CM-775570-20 ("Claim Notice"). The LWDA has failed to notify ABBASSI of its intent to investigate the alleged violations of the California Labor Code set forth in the Claim Notice and Exhibit "2" hereto within 65 calendar days of the February 28, 2020, postmark date of the notice of violations mailed to ABBASSI's employer (Exhibit "2" hereto).

69. Pursuant to California Labor Code sections 2699.3 and 2699.5, aggrieved employees, including ABBASSI, may, as a matter of right, file a complaint alleging a cause of action arising under Labor Code section 2698, *et seq.,* after the following requirements have been met: (a) the aggrieved employee or his/her representative provides written notice by online filing on the LWDA website and by certified mail to the employer of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violation; (b) the aggrieved employee pays a filing fee to the LWDA of $75.00; and (c) the LWDA does

ARTIANO SHINOFF

AS7 Law San Diego/002049/000008/PL/S0481716.DOCX

not notify the aggrieved employee of its intent to investigate the alleged violations within 65 calendar days of the postmark date of the written notice provided to the aggrieved employees' employer. ABBASSI has standing to bring this cause of action.

70. ABBASSI, on behalf of himself and all other aggrieved employees of STONELEDGE who work or worked in the capacity of a "sales associate" and/or "sales leader", brings this action pursuant to Labor Code sections 2698, *et seq.,* arising out of violations of Labor Code sections 201, 202, 203, 204, 206, 226(a), 226.7, 512, 558; Wage Order 7-2001; and California Code of Regulations, Title 8, Section 11070.

71. Pursuant to California Labor Code section 2699(f) and (g), ABBASSI, on behalf of the State of California, and the other similarly situated aggrieved employees, are entitled to recover civil penalties in the amount of one hundred dollars ($100) for each aggrieved employee per pay period for each initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorney's fees, for violations of the Labor Code sections 201, 202, 203, 204, 206, 226(a), 226.7, 512, 558, and Wage Order No. 7 as alleged herein.

## XI.   **RELIEF REQUESTED**

WHEREFORE, PLAINTIFF prays for the following relief:

**ON THE FIRST CAUSE OF ACTION:**

1. For compensatory damages according to proof and calculated pursuant to the provisions of Labor Code sections 226.7 and 512;

2. For prejudgment interest;

3. For reasonable attorneys' fees and costs of suit incurred herein pursuant to Labor Code 218.5;

4. For a preliminary and permanent injunction requiring STONELEDGE to comply with Labor Code sections 226.7 and 512 and related orders of the IWC; and/or a preliminary and permanent injunction requiring STONELEDGE to provide meal periods, pursuant to Labor Code sections 226.7 and 512 and IWC Wage Order No. 7-

///

ARTIANO SHINOFF

AS7 Law San Diego/002049/000008/PL/S0481716.DOCX

2001 for each of their employees who now work, and/or will in the future work, as sales associates or sales leaders for STONELEDGE in California; and

    5.    For such other and further relief as this Court may deem just and proper.

**ON THE SECOND CAUSE OF ACTION:**

    1.    For compensatory damages according to proof and calculated pursuant to the provisions of Labor Code section 226.7;

    2.    For prejudgment interest;

    3.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to Labor Code 218.5;

    4.    For a preliminary and permanent injunction requiring STONELEDGE to comply with Labor Code section 226.7 and related orders of the IWC; and/or a preliminary and permanent injunction requiring STONELEDGE to provide rest periods, pursuant to Labor Code sections 226.7 and IWC Wage Order No. 7-2001 for each of their employees who now work, and/or will in the future work, sales associates or sales leaders for STONELEDGE in California; and

    5.    For such other and further relief as this Court may deem just and proper.

**ON THE THIRD CAUSE OF ACTION:**

    1.    For compensatory damages according to proof and calculated pursuant to the provisions of Labor Code sections 204 and 206;

    2.    For prejudgment interest;

    3.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to Labor Code 218.5;

    4.    For a preliminary and permanent injunction requiring STONELEDGE to comply with Labor Code sections 204 and 206, and related orders of the IWC; and/or a preliminary and permanent injunction requiring STONELEDGE to timely pay all wages earned, pursuant to Labor Code sections 204 and 206 and IWC Wage Order No. 7-2001 for each of their employees who now work, and/or will in the future work, as sales associates or sales leaders for STONELEDGE in California; and

AS7 Law San Diego/002049/000008/PL/S0481716.DOCX

5.  For such other and further relief as this Court may deem just and proper.

**ON THE FOURTH CAUSE OF ACTION:**

1.  For damages pursuant to Labor Code section 226(a) according to proof at the time of trial;

2.  For statutory penalties pursuant to Labor Code section 226(a) according to proof;

3.  For reasonable attorneys' fees and costs of suit incurred herein pursuant to Labor Code section 218.5;

4.  For preliminary and permanent injunction requiring STONELEDGE to comply with Labor Code section 226(a); and

5.  For such other and further relief as this Court may deem just and proper.

**ON THE FIFTH CAUSE OF ACTION:**

1.  That the business practices alleged herein be declared in violation of public policy of the State of California, including but not limited to, Business & Professions Code section 17200, *et seq.*;

2.  For a preliminary and permanent injunction to prevent the use or employment by STONELEDGE of each practice alleged herein and found to be unfair, unlawful and/or deceptive business practices;

3.  For a further order to restore to PLAINTIFF, and all persons similarly situated, any money which STONELEDGE may have acquired by means of each practice alleged and found herein to be unfair, unlawful and/or deceptive business practice;

4.  For a further order to restore to STONELEDGE , all persons similarly situated, the value of any compensation and benefits which they were deprived by virtue of STONELEDGE's conduct of engaging in each practice alleged herein and found to be an unfair, unlawful and/or deceptive business practice;

5.  For costs of suit herein incurred, including reasonable attorneys' fees and costs; and

6. For such other and further relief as this Court may deem just and proper.

**SIXTH CAUSE OF ACTION**

1. For civil penalties pursuant to California Labor Code section 2699(f) and (g) in the amount of $100 dollars for each violation per pay period for each initial violation and $200 for each aggrieved employee per pay period for each subsequent violation of California Labor Code sections 201, 202, 203, 204, 206, 226(a), 226.7, 512, 558, and Wage Order No. 7;

2. For attorney's fees and costs; and

3. For such other and further relief as the Court may deem equitable and appropriate.

Dated: November 18, 2020         LAW OFFICE OF SHELDON A. OSTROFF

                                 By:    s/ Sheldon A. Ostroff
                                        Sheldon A. Ostroff
                                 Attorneys for PLAINTIFF

Dated: November 18, 2020         ARTIANO SHINOFF

                                 By:    s/ Abbey M. Jahnke
                                        Daniel R. Shinoff
                                        Abbey M. Jahnke
                                 Attorneys for PLAINTIFF

AS7 Law San Diego/002049/000008/PL/S0481716.DOCX

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of San Diego in the office of a member of the bar of this court at whose direction the service was made. My business address is 2488 Historic Decatur Road, Suite 200, San Diego, California 92106. |

On December 2, 2020, I served the following document:

**First Amended Complaint for Violations of the California Private Attorneys General Act, California Labor Code Sections 2698, et seq.**

[X] **BY ELECTRONIC SERVICE** on the date executed below, I served the document(s) via the Court's CM/ECF system on the designated recipients through electronic transmission.

MORGAN, LEWIS & BOCKIUS LLP
Barbara J. Miller, Esq.
John D. Hayashi, Esq.
David J. Rashe, Esq.
600 Anton Blvd., Suite 1800
Costa Mesa, CA 92626-7653
Telephone:   714.830.0600
Facsimile:   714.830.0700
*barbara.miller@morganlewis.com*
*john.hayashi@morganlewis.com*
*david.rashe@morganlewis.com*

Attorneys for Defendants
STONELEDGE FURNITURE, LLC and
ASHLEY FURNITURE INDUSTRIES, INC.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on December 2, 2020, at San Diego, California.

                                            /s/  Abbey M. Jahnke
                                            Abbey M. Jahnke

AS7 Law San Diego/002049/000008/SH/S0485084.DOCX